**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

WAYCOOL MANUFACTURING LLC,

Plaintiff,

Civil No. 01-337 DWF/AJB

v.

**ORDER**

ROBERT E. JOHNSON AND JANICE A. JOHNSON,

Defendants.

---

The above matter came before the Court on various motions by the parties. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Remand is **granted** [Docket No. 3];
2. Defendants' Motion to Vacate is **denied** [Docket No. 10];
3. Defendants' Motion to Strike is **denied** [Docket No. 16];
4. Defendants' Motion to Cancel Hearing and to Deny Plaintiff's Motion is **denied** [Docket No. 12];
5. This case is remanded to the District Court of Hennepin County, Minnesota.

Dated: 5/11/01

Arthur J. Boylan
United States Magistrate Judge

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

**MEMORANDUM**

Plaintiff bought the assets of a company from Defendants. The parties entered into a purchase agreement and a license agreement. The license agreement contained an arbitration provision. The license agreement also contained a forum selection clause:

> This License shall be governed by, construed and enforced in accordance with, the laws of the State of Minnesota, without giving any effect to the conflict of law provisions thereof. The parties agree and acknowledge that the exclusive jurisdiction over any controversy or claim arising out of or relating to this License, and venue for any proceedings related hereto, shall be exclusively with and in Hennepin County, Minnesota . . . .

Plaintiff sought to engage Defendants in arbitration, alleging that Defendants breached the license agreement. Defendants did not submit to arbitration. Plaintiff sought to compel Defendants to arbitration by filing a summons and complaint upon Defendants. The action was filed on September 14, 2000, in the District Court of Hennepin County, Minnesota. Defendants made no response. On December 15, 2000, the Hennepin County District Court issued a default order, compelling Defendants to submit to arbitration. Defendants did not make an appearance in the arbitration proceedings. On January 3, 2001, the Hennepin County District Court confirmed the arbitration award and entered judgment. On February 23, 2001, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1446. On April 2, 2001, Plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1447.

As a preliminary matter, a motion to remand is a nondispositive matter, which may be addressed by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Banbury v. Omnitritition Int'l, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993). In addition, Defendants bear the burden with

respect to the motion to remand. Mousel v. Knutson Mortgage Corp., 823 F.Supp. 658, 661 (D. Minn. 1993).

A forum selection clause may serve as a waiver of a party's right to remove an action from state court to federal court, but only if the waiver is clear and unequivocal. Excell, Inc. v. Sterling Boiler & Mech., Inc., 916 F.Supp. 1063, 1065 (D. Colo. 1996), Amerlink Corp. v. Cerco, Inc., No. 4:95CV1498-DJS, 1996 WL 238525, at *2 (E.D. Mo. May 3, 1996), Colonial Bank & Trust Co. v. Cahill, 424 F.Supp. 1200, 1202-03 (N.D. Ill. 1976), John's Insulation Inc. v. Siska Constr. Co., Inc., 671 F.Supp. 289, 294 (S.D.N.Y. 1987).

The Court has reviewed the forum selection clause at issue in this case and concludes that, with respect to controversies arising out of or relating to the license agreement, Defendants have clearly and unequivocally waived their right to litigate in any Court other than the District Court of Hennepin County, Minnesota. Defendants have failed to demonstrate why this Court should not look to the license agreement's forum selection clause and so; Defendants have failed to meet their burden.

AJB