**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Way Cool Mfg LLC, being sued as WayCool Manufacturing LLC,

Plaintiff,

v.

Robert E. Johnson and Janie Ann Johnson,

Defendants.

Civil No. 01-337 (DWF/AJB)

**ORDER**

---

Robert D. Maher, Esq., Best & Flanagan, 4000 First Bank Place, 601 Second Avenue South, Minneapolis, MN 55402, counsel for Plaintiff.

Robert E. Johnson, pro se, and Janice Ann Johnson, pro se, 3849 Hidden Acres Circle, North Fort Myers, FL 33903, Defendants.

---

This matter is before the Court upon Defendants' appeal of Magistrate Judge Arthur J. Boylan's order dated May 11, 2001, in which Magistrate Judge Boylan's order granted Plaintiff's motion to remand, denied Defendants' motion to vacate, denied Defendants' motion to strike, denied Defendants' motion to cancel hearing and to deny Plaintiff's motion, and remanded the above-entitled matter to the District Court of Hennepin County, Minnesota. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Defendants have self-styled a request for relief to this Court as a "Notice of and Request for Hearing DeNovo and Objection to Magistrate's Order." If an order of a Magistrate Judge concerns a dispositive motion, the District Court must review the Magistrate Judge's decision *de novo* and "may accept, reject, or modify the recommended decision, receive further evidence, or

FILED JUL 0 9 2001
RICHARD D. SLETTEN, CLERK

JUDGEMENT ENTERED ________

DEPUTY CLERK'S INITIALS ________

recommit the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(a). While the Court deems the matters that were before Magistrate Judge Boylan as nondispositive matters, the Court has nonetheless, in the interests of fairness, given the Defendants' request, conducted a *de novo* review of the record. The result in the case before the Court is the same irrespective of which standard of review this Court utilizes.

Based upon the record before the Court, including the submissions of the parties, and the Court having reviewed the entire file in this matter, including the procedural history of the case, and the Court being otherwise duly advised in the premises, the Court finds and concludes that Magistrate Judge Boylan's order of May 11, 2001, is neither clearly erroneous nor contrary to law. Moreover, even if the Court deems the order of May 11, 2001, to be a Report and Recommendation seeking dispositive relief, the Court adopts the order of May 11, 2001, based upon its *de novo* review of the record.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Arthur J. Boylan's order of May 11, 2001 (Doc. No. 20) is **AFFIRMED** in its entirety. Defendants' appeal (Doc. No. 21) of the order is **DISMISSED**.

2. Alternatively, Magistrate Judge Boylan's order of May 11, 2001 (Doc. No. 20) is **ADOPTED** in all respects. Defendants' objections (Doc. No. 21) are **DENIED**.

3. Plaintiff's motion to remand (Doc. No. 3) is **GRANTED**.

4. Defendants' motion to vacate (Doc. No. 10) is **DENIED**.

5. This case is **REMANDED** to the District Court of Hennepin County, Minnesota.

Dated: July 9, 2001

DONOVAN W. FRANK
Judge of United States District Court